Criminal Case Template







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



CALVIN RAY BURTCHELL,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00401-CR

Appeal from the

385th District Court

of Midland County, Texas

(TC# CR28452)




O P I N I O N

           This is an appeal from a jury conviction for the offense of possession of
methamphetamine in an amount less than one gram. The court assessed punishment at four
years’ community supervision. We affirm the judgment of the trial court.
I. SUMMARY OF THE EVIDENCE
           The testimony at trial revealed that on April 5, 2003, James Edward Gee was at the
Town and Country Convenience Store on the Garden City Highway in Midland, Texas. As
he was filling his vehicle with gasoline, he saw Appellant at the gas pumps. He appeared to
be agitated because he had spilled fuel on himself. Appellant took off his coat and Gee saw
a pistol tucked into the back waist of Appellant’s pants. Appellant put his coat back on and
he walked into the store. Gee flagged down a police officer and related what he had seen. 
           Lorenzo Dominguez, Jr., a police officer with the City of Midland, testified that Gee
hailed him and related what he had seen. He and another officer took Appellant into custody
in the bathroom of the convenience store. A nine-millimeter pistol was taken from his
waistband. Appellant possessed a card that permitted him to carry a concealed weapon in
Arizona; however, it was expired. Appellant was arrested for unlawfully carrying a weapon
on a premises licensed to sell alcohol.
           Billy Jack Sellars testified that he was a jailer at the Midland County Jail. On April
5, 2003, he booked Appellant into the jail. He performed a search for weapons and
contraband on Appellant’s person. As Appellant was about to take off his boots, he told
Sellars that he had “some stuff” in his boot. Appellant took off his boots and socks and took
out from his sock a bag with a white powdery substance and a small straw in it. Appellant
stated that it was “meth.” A subsequent analysis revealed that the substance was
methamphetamine.
           George Louis Nesrsta, Jr., testified that he was the regional director of operations for
Town and Country Food Stores. He testified that the Garden City Highway Town and
Country Store was licensed to sell alcoholic beverages. The witness stated that a sign stating
that the unlicensed possession of a weapon on the premises is a felony was posted on the
front of the store.
           Appellant testified in his own defense. He stated that on the day of the occurrence,
he was traveling from Waco, Texas to Sierra Vista, Arizona in an El Camino truck he had
bought from his father. The El Camino broke down and he continued his trip on the Harley-Davidson motorcycle he was carrying in the back of the truck. He had stopped at the Town
and Country Convenience Store to get gasoline for the motorcycle. Appellant testified that
he was carrying the pistol for his own safety and he did not know that the Arizona permit had
expired. He did not know he could not take a pistol into the store and he denied that he saw
the sign in the front of the store forbidding such an act.
           Appellant stated that when he got to the booking area of the jail, there were two
suspects before him. As he was taking off his socks, he saw a bag on the floor and he picked
it up and gave it to the jailer, Sellars. He asked Appellant what it was and Appellant stated,
“It could be sugar. It could be gold fast.” When asked what “gold fast” was, Appellant
stated, “meth.” Appellant testified that he answered that way because he did not actually
know what was in the bag.
           During cross-examination, Appellant admitted that the concealed weapons permit
stated on its face that it was only valid in Arizona although he thought he could carry the
weapon in another state while traveling.
II. DISCUSSION
           In Issue No. One, Appellant asserts that the heading of the indictment states the wrong
offense for which Appellant was actually charged.


 The indictment in the instant case reads:
Offense: POSSESSION OF A CONTROLLED SUBSTANCE, TO-WIT: COCAINE

INDICTMENT
 
IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:
 
THE GRAND JURY, for the County of Midland, State of Texas, duly
selected, impaneled, sworn, charged, and organized as such by the 385th
Judicial District Court for said County at the January Term of 2003 of the said
Court, upon their oaths present in and to said Court that CALVIN RAY
BURTCHELL, hereinafter styled Defendant, on or about the 5th day of April
A.D., 2003, and before the presentment of this indictment, in the County and
State aforesaid, did then and there intentionally and knowingly possess a
controlled substance, to-wit: methamphetamine, in an amount of less than one
gram, by aggregate weight including any adulterants and dilutants;
against the peace and dignity of the State, . . . .

           Appellant contends that this pleading did not put him on fair notice of the offense
charged; therefore, he could not prepare a proper defense. We note that Appellant did not
object to or move to quash the indictment prior to trial. Whether he complains of lack of
notice or a defect of substance, under Tex. Code Crim. Proc. Ann. art. 1.14(b) (Vernon 
2005), and Studer v. State, 799 S.W.2d 263, 271-72 (Tex.Crim.App. 1990), Appellant has
waived this appellate contention. Issue No. One is overruled.
           In Issue No. Three, Appellant maintains that counsel for the State utilized improper
jury argument at the guilt-innocence stage of trial. During argument counsel for the State
argued that the date of the offense was “proved,” the fact that the convenience store was a
licensed premises had been “proved,” and that the chain of custody is “totally locked up.” 
No objection was made to any of these statements. The failure to object to a jury argument
or to pursue an objection to an adverse ruling forfeits his right to complain about the
argument on appeal. Cockrell v. State, 933 S.W.2d 73, 89 (Tex.Crim.App. 1996). Issue No.
Three is overruled.
           Having overruled each of Appellant’s issues on review, we affirm the judgment of the
trial court.
 
                                                                  RICHARD BARAJAS, Chief Justice
April 21, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)